WEST v INDUSTRIAL COMMISSION

Ohio Appeals, 9th Dist, Summit Co

No 2600. Decided Sept 27, 1935

Rockwell, Grant, Doolittle, Thomas & Buckingham, Akron, for plaintiff in error.

John W. Bricker, Attorney General, Columbus, Herbert W. Mitchell, Asst. Atty. Gen., St. Clairsville, and Herman E. Werner, Prosecuting Atty., Akron, for defendant in error.

saw a blister on the ring finger of his right hand when he returned from work on August 5, 1930, which was the only injury she had ever known him to sustain, and that the finger and hand were "hot and feverish, red and inflamed, and very painful that night."

The wife, this plaintiff, then testified, without objection, that her husband filed an application with the Industrial Commission for that injury, alleging that it was sustained in the course of his employment, and that he was paid compensation therefor; and this testimony was supported by various exhibits, particularly claimant's "Exhibit F," which exhibits were admitted without objection.

The evidence of injury and the ensuing disability gave rise to a reasonable inference that infection must have entered through the lesion caused by reason of the blister. In addition to the foregoing, there was the testimony of Dr. R. P. Vivian, which, to our minds, definitely connected the cause of death of the decedent to the injury which the other evidence tended to show was sustained by decedent on August 5, 1930.

We are of the opinion that there was sufficient evidence of accidental injury, and of causal connection between that injury and the ensuing death, to have required the trial court to submit these issues to the jury; and indulging the liberal construction in favor of plaintiff which is enjoined upon us by law in this class of cases, we conclude that the trial court erred in directing a verdict for the defendant.

Judgment reversed and cause remanded.

FUNK, PJ, and WASHBURN, J, concur in judgment.

## OPINION

By STEVENS, J.

The record discloses the following: that on August 5, 1930, decedent was working at his regular employment for the Frank George Construction Co.; that decedent, during his employment, showed to his foreman, Henry Defer, a blister on his finger, and stated that he would take care of it that evening; that the wife of decedent